1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GURDEEP SINGH BOPARAI,

Plaintiff,

v.

AUBURN POLICE DEPARTMENT ,

Defendant.

CASE NO. 2:23-cv-825

ORDER REFERRING CASE TO PRO
BONO SCREENING COMMITTEE

Plaintiff Gurdeep Singh Boparai is suing the Auburn Washington Police

Department for alleged police misconduct when he was arrested in December 2021.

Dkt. No. 1-1 at 6. In his complaint, he alleges the police "acted forcefully" and

"broke [his] arm" during the arrest. *Id*.

## 1. DISCUSSION.

Defendant Auburn Police Department moved to dismiss Boparai's complaint,

arguing he fails to state a claim. Dkt. No. 8. In response, Boparai requests "some

time to get more legal help from legal help clinic" and "for free legal help." Dkt. No.

12 at 2. The Court interprets this as both a motion for an extension of time to

ORDER REFERRING CASE TO PRO BONO SCREENING COMMITTEE - 1

respond to Defendant's pending motion to dismiss and for the appointment of counsel.

Although there is "no constitutional right to counsel in a civil case," *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021) (internal citation omitted), *cert. denied*, 142 S. Ct. 861, (2022), a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The Western District of Washington has implemented a plan for court-appointed representation of civil rights litigants. *See* General Order No. 16-20 (Dec. 8, 2020). Although the "decision" to seek pro bono counsel "rests with the pro se party," "[f]ailure of a party to make [a] written application for appointed counsel" does not "preclude appointment if the assigned Judge determines that appointment of counsel is warranted." *Id.* Before forwarding a case to the Pro Bono Screening Committee, the Court must review whether the plaintiff is financially eligible and assess the case to determine that it is not frivolous.

First, Boparai is financially eligible for referral to the Screening Committee, as he has been granted *in forma pauperis status*. Dkt. No. 3. *See also Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982) ("Plaintiff in this case clearly satisfied the financial requisites to appointment of counsel, for the district court permitted him to proceed in forma pauperis, which requires a greater showing of indigency than is required for appointment of counsel.").

Second, Boparai's claims are not frivolous. He has alleged serious personal injuries resulting from police misconduct during his arrest. He asserts that he is

ORDER REFERRING CASE TO PRO BONO SCREENING COMMITTEE - 2

1

2

trying to get help from a "legal help clinic," but that they are too busy to get back to him. Dkt. No. 12 at 1.

3

4

5

The Court finds that Boparai's case is not frivolous and that he is financially eligible for referral to the Screening Committee. For these reasons, the Court will refer Boparai's case to the Pro Bono Screening Committee.

6

### 2.   CONCLUSION

7

The Court orders as follows:

8

9

10

11

12

13

1.  The Court DIRECTS the Clerk of the Court to forward copies of the pleadings and documents filed to date to the Screening Committee, including the following: Plaintiff's *in forma pauperis application* (Dkt. No. 1), the order granting *in forma pauperis status* (Dkt. No. 3), Defendant's Motion to Dismiss (Dkt. No. 8), Plaintiff's Motion for Extension of Time and Defendant's response (Dkt. Nos. 12, 13), and the instant Order.

14

15

16

17

2.  In light of the Court's referral of this case to the Pro Bono Panel Screening Committee, this matter–including the pending Motion to Dismiss (Dkt. No. 8), and the Motion for Relief from Deadlines (Dkt. No. 11)–is STAYED pending the Screening Committee's determination.

18

19

20

3.  The Screening Committee is DIRECTED to review the case and recommend to the Court whether appointment of pro bono counsel is warranted per General Order No. 16-20 no later than December 6, 2023.

21

22

4.  Plaintiff is REMINDED that the referral to the Screening Committee does not guarantee that he will be provided pro bono counsel.

23

ORDER REFERRING CASE TO PRO BONO SCREENING COMMITTEE - 3

1    Dated this 6th day of November, 2023.

2

3    _____
     Jamal N. Whitehead
4    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REFERRING CASE TO PRO BONO SCREENING COMMITTEE - 4